UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI NEIL BOWLING,

        Petitioner,                                     Civil Case Number 16-12132
                                                          Honorable Linda V. Parker

v.

JEFFREY WOODS,

        Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTIONS TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Terry Neil Bowling ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in the Circuit Court for Oakland County, Michigan, for second-degree murder, first-degree home invasion, resisting and obstructing a police officer, and being a fourth felony habitual offender. On June 10, 2016, Petitioner filed a motion to stay proceedings and hold the petition in abeyance while the state trial court addresses a motion "to settle records" he had filed and a motion for new trial he intended to file. Petitioner filed an amended motion on July 14, 2016, in which Petitioner appears to indicate that he now has filed his motion for new trial in the

state court. For the reasons stated below, the Court is granting Petitioner's motion subject to certain conditions.

## I. Background

Petitioner pleaded guilty to the above offenses on September 26, 2011, and the trial court sentenced him on October 26, 2011. (ECF No. 1 at Pg ID 1.) The Michigan Court of Appeals affirmed Petitioner's convictions and sentence on February 21, 2013. *People v. Bowling*, 830 N.W.2d 800 (Mich. Ct. App. 2013). The Michigan Supreme Court denied Petitioner's subsequently filed application for leave to appeal on July 30, 2013. *People v. Bowling*, 834 N.W.2d 478 (Mich. 2013).

On June 9, 2014, Petitioner filed a post-conviction motion for relief from judgment in the trial court, which the court denied on July 29, 2014. *People v. Bowling*, No. 11-236582-FC (Oakland Cnty. Cir. Ct. July 29, 2014.) The Michigan appellate courts denied Petitioner leave to appeal. *People v. Bowling*, No. 324613 (Mich. Ct. App. Jan. 9, 2015); *lv. den.*, 871 N.W.2d 178 (Mich. 2015). Petitioner filed a motion for reconsideration with respect to the Michigan Supreme Court's decision, which the Court denied on March 8, 2016. *Id.*, 874 N.W.2d 693 (Mich. 2016).

On March 22, 2016, Petitioner filed a motion "to settle the records" in the trial court, which the trial court denied. (*See* ECF No. 2 ¶ 3.) Petitioner filed a

2

motion for reconsideration and, on May 18, 2016, the trial court issued an order requiring a response to the motion by July 13, 2016. (*Id.*) In his motion to settle the records and subsequent motion for reconsideration, Petitioner claims the trial court, prosecutor, and defense counsel violated his due process rights by fabricating an invalid habitual offender enhancement against Petitioner through the plea and sentencing proceedings. Petitioner asserts that this rendered his plea and sentence invalid.

Petitioner indicates in his amended motion that on or around the June 1, 2016 date when he filed his federal habeas petition,[1] he filed a motion for new trial in the state trial court. (ECF No. 4 ¶ 4.) According to Petitioner, he asserts the following single claim in that motion:

> Where an invalid habitual offender enhancement and attorney misrepresentations were controlling factors during negotiations, Mr. Bowling's plea was not made knowingly, voluntarily and intelligently, in violation of the state and federal due process clauses.

(*Id.*) Petitioner indicates in his amended motion to stay that if he fails to obtain relief in the state courts, he will move to amend the current petition to add this new claim.

---

[1] Petitioner signed and dated his pending federal habeas petition on June 1, 2016. (ECF No. 1 at Pg ID 14.) Under the prison mailbox rule, this is the date the petition is deemed filed. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999)

## II. Applicable Law & Analysis

A petitioner must exhaust his claims in the state courts before raising the claims in a federal habeas court under 28 U.S.C. § 2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims also must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

This Court has the discretion to stay Petitioner's habeas petition pending the exhaustion of his claim in state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). "Stay and abeyance" is available in only "limited

circumstances," however, such as where the applicable one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. The Court finds that the circumstances of the present case warrant a stay.

Although the Court lacks sufficient information to determine for certain, it appears that the applicable one-year statute of limitations may pose a problem for Petitioner if the Court dismisses his petition while he exhausts his claim in the state courts. Moreover, the Court cannot say that Petitioner's claims are plainly meritless or that good cause is lacking for his failure to exhaust the claim earlier. Finally, the Court sees no prejudice to Respondent in staying this case.

The Supreme Court advised in *Rhines* that when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

Accordingly, the Court **GRANTS** Petitioner's motions to stay these proceedings and hold his petition in abeyance **on the following conditions**. First,

**within sixty (60) days** of receipt of this Opinion and Order, Petitioner must file his post-conviction motion in the state court, if he has not done so, **and** notify this Court in writing that such motion papers have been filed in state court. Petitioner's failure to file a motion or notify this Court of its filing within that time-frame will result in this Court lifting the stay, reinstating the original habeas petition to its active docket, and adjudicating the petition on the claims raised therein. Second, Petitioner must return to this Court **within sixty (60) days** of exhausting his state court remedies and file **in this case** (i.e., with the above case caption and case number) a motion to lift the stay and an amended petition including any additional claims he wishes to raise in support of his request for habeas relief.

Respondent need not respond to the original petition at this time. The Court will order a response by a new deadline if and when Petitioner returns to federal court.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this decision or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 26, 2016, by electronic and/or U.S. First Class mail.

                                                  s/Keisha Jackson
                                                  Case Manager