UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY NEIL BOWLING,

       Petitioner,                                  Civil Case Number 16-12132
                                                Honorable Linda V. Parker

v.

JEFFREY WOODS,

       Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO MODIFY THE COURT'S STAY AND ABEYANCE ORDER [ECF NO. 6]**

**I.    Introduction**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his state court convictions. On August 26, 2016, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The stay was conditioned on Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing his state court post-conviction proceedings.

Petitioner filed a motion to modify the terms of the abeyance order, which is essentially a request for an extension of time to file his post-conviction motion for

relief from judgment with the state courts. Petitioner is **GRANTED** an extension of time through the terms as stated below.

## II.     Background

Petitioner claims that he attempted twice to file his post-conviction motion for relief from judgment with the trial court, but that his pleadings have repeatedly been rejected. Petitioner has filed a motion for superintending control with the Michigan Supreme Court to compel the trial court to accept and adjudicate his post-conviction motion.

## III.    Applicable Law & Analysis

A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Petitioner did all that he could reasonably do to file his state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing the motion with the state courts on time. Accordingly, an extension of time should be granted to Petitioner. *See Schillereff v. Quarterman*, 304 F. App'x. 310, 314 (5th Cir. 2008).

Petitioner is granted a sixty day extension of time to file his motion for relief from judgment with the state trial court, assuming the Michigan Supreme Court orders the trial court to adjudicate the motion for relief from judgment. If the Michigan Supreme Court denies Petitioner's complaint for superintending control, Petitioner has sixty days from the date of that order to re-file his petition with this Court.

Accordingly,

**IT IS ORDERED** that the motion to modify the terms (ECF No. 6) is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of the Michigan Supreme Court granting his complaint for superintending control, if the complaint is granted.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claims. After Petitioner fully exhausts his new claims, Petitioner is **ORDERED** to file an amended Petition that includes the new claims within sixty (60) days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.

If the Michigan Supreme Court refuses to order the trial court to adjudicate Petitioner's post-conviction motion, Petitioner is **ORDERED** to file an amended petition within sixty (60) days of the denial of his complaint for superintending control, along with a motion to lift the stay.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: December 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2016, by electronic and/or U.S. First Class mail.

        s/ Richard Loury
        Case Manager